# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 01-2020

———————

United States of America,           *
                                         *

        Appellee,          *   Appeal from the United States
                                         *   District Court for the District
    v.                     *   of Minnesota.
                                         *

Bonnie Lee Goodner,          *      [UNPUBLISHED]
                                       *

        Appellant.        *

———————

Submitted: October 19, 2001

Filed: October 24, 2001

———————

Before BYE, FAGG, and RILEY, Circuit Judges.

———————

PER CURIAM.

Bonnie Lee Goodner was charged with harboring a fugitive in violation of 18 U.S.C. § 1071 when she aided her boyfriend, Michael Zimmer, in evading an arrest warrant. The district court[*] granted Goodner's motion for a bill of particulars specifying Goodner's affirmative harboring acts, but the Government mistakenly failed to comply with the court's order. To remedy this error, the district court partially granted Goodner's motion in limine to prevent the admission of evidence not

---

[*]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

disclosed before the deadline set for the bill of particulars. Arguing it had not been disclosed before the deadline, Goodner unsuccessfully sought to exclude testimony of Goodner's admission she had been hiding Zimmer. Goodner was convicted and sentenced to six months imprisonment. Goodner now appeals. Having reviewed the record and the briefs, we affirm.

We reject Goodner's contention the district court abused its discretion by admitting Goodner's admission she had been hiding Zimmer. See United States v. Jiminez-Perez, 238 F.3d 970, 974 (8th Cir. 2001) (standard of review). The contested statement provided evidence of Goodner's intent to hide Zimmer, not evidence of an affirmative act of harboring, thus the district court correctly found the contested evidence had not been requested in the motion for the bill of particulars and was not prohibited by the court's remedial order. In addition, we reject Goodner's contention the evidence was insufficient to support the verdict. After reviewing the evidence in the light most favorable to the jury's verdict, we conclude the evidence was sufficient to permit a jury reasonably to find Goodner guilty beyond a reasonable doubt. See United States v. Erdman, 953 F.2d 387, 389-91 (8th Cir. 1992). The record shows Goodner spoke with a United States Marshal regarding Zimmer's fugitive status, provided Zimmer with money, her camper, and a motorcycle while officials were actively searching for him, and admitted she purposefully aided Zimmer in hiding from officials. See id.

Finding no reversible error, we affirm Goodner's conviction and sentence. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-